In the Superior Court, at Burke, on the last circuit, before his Honor,Judge Pearson, the defendant offered to show that before the County Court made the order he paid to the mother the sum of $40 and took her receipt therefor, in full satisfaction of all claim for any allowance for the maintenance of the child, and insisted that he was thereby protected, and that the County Court had afterwards no authority to make the order in question. But his Honor was of a different opinion and would not receive evidence of the alleged accord and payment, anterior to the order, and consequently execution was awarded for the sum which had become payable at the time the notice was issued. The defendant then appealed to this Court.
(507) The position taken by the defendant rests on an entire mistake of the law, as we think. It supposes that the mother of a bastard child may deal with the right to an allowance for the child's maintenance, as being a claim of her own. But that is not so. The bond is taken for the indemnity of the county, and the orders are made for the benefit of the child, or of such person as the court may direct the money to be paid to, either for the past or prospective maintenance. The order of the court in favor of a particular person is the sole foundation of the right of that person to the money, and before such an order no person can give an acquittance, strictly speaking, for the maintenance of the child, or any part of it. It is true that ordinarily the mother keeps the child, so as to authorize her to ask that the order may be made in her favor. In anticipation that it will be so made it is, perhaps, not unfrequent for the father voluntarily to make to the mother some payment, and in cases where that has been done it may very properly influence the court in saying what farther sum he shall pay her, if it shall happen that the child is supported by her. But that is the only effect it can have, and that may be repelled by showing (as perhaps is also not unfrequent) that some advantage was taken of her, as by getting a receipt for money not actually paid, or by taking from her an acquaintance for the whole maintenance, when only on inconsiderable and inadequate sum was paid. It certainly cannot operate as a bar to the power of the court *Page 399 
to make whatever order in the premises the maintenance of the child, or a just compensation to the person who may have maintained the child, may seem to the court to require. The sums to be allowed must necessarily be in the discretion of the court, within the penalty of the bond, because, more or less may be requisite, according to the varying prices of apparel and provisions, and the constitution and health of the child. The authority of the court to make the order under consideration cannot be doubted, and we see nothing to induce the supposition that it was not discreetly exercised on the present occasion, though if it were not, it could not be drawn into question in this form.
PER CURIAM. Judgment affirmed.
Cited: State v. Ellis, 34 N.C. 265; State v. Beatty, 66 N.C. 651.
(508)